UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
Charlottesville Division

---

KEVIN CARTER, individually, on behalf of himself and
all others similarly situated,

                        Plaintiffs,

v.                                               Case No.   3:21-cv-35

COUNSELING ALLIANCE OF VIRGINIA, LLC,

                        Defendant.       DEMAND FOR JURY TRIAL

---

## COMPLAINT

Plaintiff Kevin Carter, on behalf of himself and all others similarly situated, respectfully moves for judgment against Defendant Counseling Alliance of Virginia, LLC ("CAVA" or "Defendant") as follows:

**I.    SUMMARY OF ACTION**

1.    This action seeks relief for claims for unpaid minimum wages in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq., ("FLSA") arising out of work that Carter, and others similarly situated, performed for the benefit and at the direction of CAVA.

2.    CAVA operates a counseling business. CAVA has a policy and practice of charging hourly "supervision fees" to certain counseling employees, like Carter, for time they are supervised by CAVA's owner or other employees while working for CAVA. CAVA collects the supervision fees through payroll deductions (including withholding entire paychecks), direct payments, and lawsuits. As explained herein, CAVA's policies of withholding paychecks and of

charging hourly supervision fees results in Carter and similarly situated employees receiving less than the minimum hourly wage for certain workweeks.

3. CAVA has a policy and practice of withholding entire paychecks from employees, like Carter, that CAVA asserts owe it the hourly supervision fees or other fees. This practice of withholding paychecks results in the employees not receiving minimum wages, or any pay at all, for the workweeks their paychecks were withheld, in violation of the FLSA.

4. For example, during the last three years, CAVA withheld at least two entire paychecks from Carter. This resulted in Carter not receiving minimum wages, or any pay, for at least four weeks of work.

5. CAVA has a policy and practice of paying Carter and similarly situated employees only for the hours they work directly with clients, and not paying for other work besides client-facing work. Consequently, Carter's and similar employees' actual hourly pay rates are considerably lower than the rates they are paid for client interactions.

6. The hourly supervision fees charged by CAVA to its employees (typically $75/hour) are far higher than the hourly rates that CAVA pays to the employees. Consequently, CAVA's practice of charging hourly supervision fees results in the employees receiving a negative hourly rate for the hours they are supervised. This results in the employees receiving less than the federally-required minimum hourly wage ($7.25/hour) for certain workweeks, in violation of the FLSA. 29 U.S.C. § 206.

7. Any position by CAVA that it has a contractual right to collect the supervision fees even when doing so results in paying less than the minimum wage fails as a matter of law. FLSA rights, including minimum wage rights, cannot be waived or bargained away by private contract. *See, e.g., Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697, 707 (1945) ("[T]o allow

waiver of statutory wages by agreement would nullify the purposes of the Act…the same policy considerations which forbid waiver of basic minimum and overtime wages under the Act also prohibit waiver of the employee's right to liquidated damages."); *Barrentine v. Arkansas-Best Freight Sys., Inc.*, 450 U.S. 728, 740 (1981) ("FLSA rights cannot be abridged by contract or otherwise waived because this would "nullify the purposes" of the statute and thwart the legislative policies it was designed to effectuate.")

8. Employer-imposed fees, like CAVA's supervision fees, violate the FLSA when they prevent the employee from receiving at least the required minimum hourly wage "finally and unconditionally or 'free and clear'" for all hours worked. *See* 29 C.F.R. § 531.35.

9. Pursuant to 29 U.S.C. § 216(b), Carter brings this action on behalf of himself and all those similarly situated. For himself and those others, he seeks minimum wages, liquidated damages, attorney's fees and costs, arising from CAVA's FLSA-violating policy of charging hourly supervision fees and withholding pay that results in the employees receiving less than the minimum hourly wage.

**II.   JURISDICTION AND VENUE**

10. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 as this case is being brought under a federal statute, the FLSA, 29 U.S.C. § 201 et seq., and Section 216(b) of the FLSA, 29 U.S.C. § 216(b), which provides in relevant part:

> Any employer who violates the provisions of section 206 [minimum wage] or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages … and in an additional equal amount as liquidated damages…An action to recover the liability prescribed in the preceding sentences may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated.…

11. Venue is proper for this Court pursuant to 28 U.S.C. § 1391 and Local Rule 2(b) since acts and omissions giving rise to this lawsuit have taken place in this division in the Western District of Virginia. CAVA has an office in Albemarle County and regularly conducts substantial business activity in Albemarle County. Carter worked for CAVA in its office in Albemarle County.

12. Defendant CAVA is subject to personal jurisdiction in the Commonwealth of Virginia.

### III. PARTIES

13. Plaintiff Carter is a resident of Virginia who worked for CAVA as a counselor within the last three years. At all times relevant, Carter was an "employee" as defined in the FLSA.

14. Defendant CAVA is a Virginia limited liability company with offices in Albemarle County and Richmond, Virginia. At all times relevant, CAVA is and was an "employer" as defined in the FLSA. Plaintiff is informed, believes, and thereon alleges that Defendant's gross annual sales made or business done is $500,000.00 or greater. Defendant operates in interstate commerce by, among other things, receiving payments from multiple states, buying and/or selling goods or services and transacting business in multiple states, and/or by having employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce in multiple states.

15. CAVA's Albemarle County office is located at 335 Greenbrier Dr, Ste 206, Charlottesville, VA 22901. CAVA's Richmond office is located at 8527 Mayland Drive, 101, Richmond, VA, 23294 or 2924 Emerywood Parkway, Suite 200, Richmond, Virginia 23294.

IV.   **FACTUAL ALLEGATIONS**

16. CAVA is engaged in the business of providing counseling to clients and collecting payments for the counseling from Medicaid, insurance companies, and other sources.

17. Carter worked for CAVA as a counselor from approximately 2015 until October 13, 2019.

18. CAVA had and has a policy and practice of charging hourly "supervision fees" (typically $75 per hour) to certain counseling employees, like Carter, for time they are supervised by CAVA's owner or other employees while working for CAVA.

19. CAVA collects the supervision fees through payroll deductions, lawsuits, and other means.

20. CAVA's policy and practice of collecting of hourly supervision fees results in Carter and similarly situated employees receiving less than the federally-required minimum hourly wage ($7.25/hour) for certain workweeks, in violation of the FLSA. 29 U.S.C. § 206.

21. CAVA has a policy and practice of withholding entire paychecks from employees, like Carter, that CAVA asserts owe it the hourly supervision fees.

22. CAVA's policy and practice of withholding paychecks results in Carter and similarly situated employees not receiving minimum wages, or any pay at all, for the weeks their paychecks were withheld, in violation of the FLSA minimum wage requirements. 29 U.S.C. § 206.

23. Pursuant to CAVA's policy and practice of withholding paychecks for employees that CAVA asserts owe it the hourly supervision fees, CAVA withheld Carter's pay and paid Carter no wages for paychecks issued or scheduled to be issued on October 15, 2019 and

October 31, 2019. The minimum wages were due on those payroll dates. Those paychecks covered Carter's work for CAVA for the following workweeks:

- 9/16/2019 – 9/22/2019,
- 9/23/2019 – 9/29/2019,
- 9/30/2019 – 10/6/2019, and
- 10/7/2017 – 10/13/2019.

24. Accordingly, CAVA failed to pay Carter the required minimum wages for those workweeks, in violation of the FLSA.

25. By withholding Carter's pay for these four weeks, CAVA withheld his last two paychecks in their entirety.

26. Accordingly, under 29 U.S.C. §216(b), for these weeks Carter is owed unpaid minimum wages, liquidated damages, and other relief as allowed by the FLSA.

27. Other similarly situated employees had paychecks withheld by CAVA in whole or in part, resulting in those employees receiving less than minimum wages for certain workweeks. Like Carter, these employees are owed unpaid minimum wages, liquidated damages, and other relief as allowed by the FLSA.

28. CAVA had and has a policy and practice of paying Carter and similarly situated employees only for the hours they work directly with clients, and not paying for the hours spent performing tasks like inputting notes, responding to emails, attending trainings or supervision, waiting for clients that do not show, and other work besides client-facing work.

29. Consequently, Carter's and similar employees' actual hourly pay rates are considerably lower than the rates they are paid for client interactions.

30. For example, at all times relevant, CAVA paid Carter an hourly rate of approximately $22 per hour for the hours he worked directly with clients ("client-facing work"). CAVA did not pay for time spent responding to emails and phone calls, attending trainings or individual supervision, waiting for clients that do not show, performing administrative tasks like paperwork and inputting notes, and other work besides client-facing work ("uncompensated work").

31. Typically, for each 1 hour of client-facing work for which Carter was compensated, Carter spent approximately 1.5 hours doing uncompensated work. In other words, CAVA paid Carter approximately $22 for every 2.5 hours of work. Consequently, in a typical week Carter's actual hourly rate was about $8.80 per hour ($22 / 2.5 hours = 8.80 per hour), before any deduction of the supervision fees.

32. Other similarly situated counselors were paid pursuant to the same pay policy, whereby they received hourly pay only for client-facing work, and not for uncompensated work.

33. Other similarly situated counselors were paid actual hourly rates similar to Carter's actual hourly rate.

34. The hourly supervision fees charged by CAVA to its employees like Carter (typically $75/hour) are higher than the hourly rates that CAVA pays to the employees. Consequently, CAVA's practice of charging hourly supervision fees results in the employees receiving a negative hourly rate for the hours they are supervised. For example, the supervision fees CAVA charged to Carter ($75 / hour), would result in Carter receiving an hourly rate of approximately -$66.20 per supervision hour ($8.80 - $75).

35. Other similarly situated employees were subject to similar negative hourly rates arising from CAVA's charging hourly supervision fees against them.

36. Other similarly situated employees were charged hourly supervision fees, resulting in the employees receiving less than the required minimum wage for certain workweeks, after deduction of the supervision fees.

37. CAVA has filed a warrant in debt in state court seeking payment of additional $75-per-hour hourly supervision fees from Carter, for hours that Carter was supervised by other employees during his employment. Charging or collecting those hourly supervision fees results or will result (if CAVA prevails in the state court action) in additional workweeks that Carter did not receive the required minimum wages after the supervision fees are deducted.

38. If Carter is charged or required to pay CAVA $75 for each supervision hour he was supervised during his employment, he will not have received the required minimum wage "finally and unconditionally or 'free and clear'" of those employer-imposed fees for certain workweeks. *See* 29 C.F.R. § 531.35. As noted above, imposing the hourly supervision fees results in Carter receiving a negative hourly rate of approximately -$66.20 for those hours.

39. Consequently, if CAVA charges Carter or prevails on its claim to collect hourly supervision fees from Carter, in addition to the paychecks withheld, Carter's minimum wage damages will include the workweeks where the imposition of the hourly supervision fees result in Carter receiving less than the required minimum wage for all hours worked during the workweek, free and clear of the hourly supervision fees.

40. Accordingly, if CAVA continues to charge Carter or prevails on its claim to collect the hourly supervision fees, Carter's minimum wage damages will encompass the withheld paychecks and weeks when the imposition of the hourly supervision fees result in Carter receiving less than the minimum wage for all hours worked in the workweek.

41. If CAVA does not prevail on its claim for supervision fees, Carter is owed minimum wages for the four weeks in which he was not paid.

42. Based on the hourly pay and nature of the job duties of Carter and other counselors, there is no FLSA exemption that applies to preclude them from being paid minimum wages for all hours worked each week.

43. CAVA willfully violated the FLSA by knowingly failing to pay minimum wages.

44. At all relevant times CAVA intended to deprive Carter and similarly situated employees of the minimum wages to which they were entitled, or acted with reckless disregard for the rights of Carter and similarly situated employees.

A.  **Representation Action Allegations For FLSA Claims**

45. Carter files this statutorily authorized collective action pursuant to 29 U.S.C. § 216(b) as a Representative Plaintiff.

46. Carter brings his FLSA claims on behalf of himself and all past and present employees of CAVA who, within the past three years (or longer period if the Court grants equitable tolling), ongoing, had their pay withheld by CAVA to recoup hourly supervision fees or otherwise paid CAVA hourly supervision fees, resulting in the employee receiving (net of the supervision fees) less than the federal minimum hourly wage for all hours worked in one or more workweeks.

47. Carter is aware of employees who are similarly situated.

48. Carter estimates that there may be at least 10 or so similarly situated employees who fit the above definition who were deprived of minimum wages due to CAVA's policy and practice of collecting supervision fees.

49. CAVA's policy of withholding pay and collecting hourly supervision fees that result in employees receiving less than the required minimum hourly wages for all hours worked amounted to a willful or reckless disregard of its employees' rights under the FLSA.

50. CAVA had no good faith basis to believe that these employees were not entitled to minimum wages under the FLSA.

51. Carter asserts that CAVA's willful disregard of the minimum wage laws described herein entitles Carter and similarly situated employees to the application of the three (3) year limitations period.

52. Carter asserts that CAVA's failure to post in a conspicuous place the required information about employee FLSA minimum wage rights entitles Carter and similarly situated employees to tolling of the statute of limitations for FLSA claims.

53. At all relevant times, Carter and other similarly situated employees have been entitled to the rights, protections, and benefits provided under the FLSA.

**B.    Notice of Filing of Consent to Become a Party Plaintiff**

54. Plaintiff hereby files his Written Consent to Become Party to Collective Action Under 29 U.S.C. § 216. Plaintiff's Written Consent Form is attached as Exhibit 1.

**V.    CLAIMS**

### COUNT 1: VIOLATIONS OF FAIR LABOR STANDARDS ACT
### (Minimum Wage Violations)

55. Plaintiff alleges and incorporates by reference the preceding paragraphs as if fully set forth herein.

56. At all times relevant herein, Defendant has been, and continues to be, an "employer," and Plaintiff and each similarly situated employees has been, or continues to be, an "employee" within the meaning of 29 U.S.C. §§ 203(d) and (e).

57. The FLSA requires covered employers, such as Defendant, to compensate all non-exempt employees at a rate not less than the minimum hourly rate of $7.25 per hour. 29 U.S.C. § 206. As such, Plaintiff and all similarly situated employees are entitled to at least the minimum wage for all hours worked each workweek.

58. The FLSA requires that Plaintiff and all similarly situated employees receive at least the minimum hourly wage "finally and unconditionally or 'free and clear'" for all hours worked after the payment of any fees to the employer. *See* 29 C.F.R. § 531.35.

59. By withholding Plaintiff's and similarly situated employees' paychecks to collect the hourly supervision fees or other fees, Defendant has violated, and continues to violate the minimum wage provisions of the FLSA.

60. By imposing hourly supervision fees (whether through payroll deductions, lawsuits, or other means) that resulted in and result in Plaintiff and similarly situated employees receiving less than the minimum hourly wage for all hours worked each workweek finally and unconditionally or free and clear from the fees, Defendant has violated, and continues to violate the minimum wage provisions of the FLSA.

61. By failing to compensate Plaintiff and similarly situated employees with at least minimum wage for all hours worked each workweek, Defendant has violated, and continues to violate the FLSA.

62. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

63. Plaintiff seeks damages for himself and all others similarly situated in the amount of Plaintiff's and each similarly situated employee's unpaid minimum and/or overtime wages, an equal amount as liquidated damages, interest, all costs and attorneys' fees incurred in investigating and prosecuting this claim, all other relief available under the FLSA, and all other such legal and equitable relief as the Court deems just and proper.

## PRAYER FOR RELIEF

64. Wherefore, pursuant to 29 U.S.C. § 216(b) Plaintiff requests the following Relief against Defendant:

A. An order conditionally certifying a group or groups of putative collective action members and approving a notice to be sent to all such members, notifying them of this representational lawsuit and their ability to file a written consent to join in this action without threat or fear of reprisal;

B. Judgment that Plaintiff and all similarly situated employees were non-exempt employees entitled to protection under the FLSA;

C. Judgment against Defendant for violations of the minimum wage provisions of the FLSA, and declaratory judgment that any contract of Defendant's that purportedly authorizes fees resulting in payment of less than minimum wage is void for violating the FLSA;

D. Judgment that Defendant's violations as described above were willful;

E. Money damages for all unpaid minimum wages to Plaintiff and similarly situated employees;

F. Liquidated damages in an amount equal to all unpaid minimum wages owed to Plaintiff and similarly situated employees;

  G. Pre-judgment and post-judgment interest;

  H. Reasonable attorneys' fees and costs including expert fees expended in the prosecution of this case and the investigation and attorney time that preceded it;

  I. Leave to amend to bring additional claims and/or parties, including but not limited to additional claims for retaliation and/or unpaid overtime or minimum wages under the FLSA, the Virginia Minimum Wage Law, Virginia Overtime Wage Law, the Virginia Wage Payment Act, the Virginia Whistleblower Protection Law, or other applicable laws; and

  J. Any and all further relief permissible by law.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a jury trial for all claims and issues so triable.


Respectfully submitted,

KEVIN CARTER,
individually, on behalf of himself and all others similarly situated,
By Counsel

Dated: October 11, 2021

/s/Timothy Coffield
Timothy Coffield (VSB 83430)
COFFIELD PLC
106F Melbourne Park Circle
Charlottesville, VA 22901
P: (434) 218-3133 F: (434) 321-1636
tc@coffieldlaw.com
Counsel for Plaintiff Kevin Carter

## CERTIFICATE

I HEREBY CERTIFY that unless service is waived a true and correct copy of the foregoing Complaint will be delivered to a qualified process server with instructions to serve the same upon the Defendant or its authorized agents.


/s/Timothy Coffield
Timothy Coffield (VSB 83430)
Counsel for Plaintiff